**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**LEO TOGIA ANTONIO, Defendant**

High Court of American Samoa
Trial Division

CR No. 36-95
CR No. 39-95

August 10, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel:　　　　For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
　　　　　　　For Defendant, Reginald.E. Gates, Public Defender

Order of Joinder:

The government moves to join these two cases relating to various offenses charged which were allegedly committed by the same defendant in two separate and unrelated incidents. The government alleges that on March 27, 1995, the defendant severely beat his mother-in-law and father-in-law with a rock following a surprise attack on his father-in-law, and amid the confusion created by the assault, he stole his mother-in-law's purse containing money and identification documents. On this basis, the defendant is charged with Burglary in the First Degree, Assault in the Second Degree, Assault in the Third Degree, and four counts of Stealing.

(CR No. 36-95).

In a separate action, the government alleges that on July 14, 1995, the defendant, armed with a rock, forcibly stole money from the KS Amusement Center and that in the course of this theft he utilized a rock to inflict serious physical injury upon the night clerk in a surprise attack. On this basis, the defendant is charged with Robbery in the First Degree, and Assault in the First Degree. (CR No. 39-95). The Government seeks to join all these offenses resulting from the aforementioned incidents, pursuant to T.C.R.Cr.P Rule 8(a).

## DISCUSSION

T.C.R.Cr.P. 8(a) permits joinder of offenses:

> Two or more offenses may be charged in the same information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

 Broad interpretation of this rule is encouraged in the interest of efficiency. *Haggard v. United States*, 369 F.2d 968, 973 (8th Cir. 1966). "Judicial economy and legitimate public interests favor a joinder of all offenses against the accused." *United States v. Dennis*, 625 F.2d 782, 801 (8th Cir. 1980). Whether joinder of offenses or defendants is appropriate is determined on a case by case basis. *Haggard,* 369 F.2d at 974.

██ In the joinder of counts pertaining to separate defendants under T.C.R.Cr.P. 8(b), "[m]ere factual similarity of events will not suffice," but "[rather there must be some greater 'logical relationship' between the occurrences" in order for joinder to be proper. *United States v. Ford*, 632 F.2d 1354, 1372 (9th Cir. 1980) (construing F.R.Cr.P. 8(b), which T.C.R.Cr.P. 8(b) mirrors). Nevertheless, counts pertaining to the same defendant under T.C.R.Cr.P. 8(a) may be joined if they "are of the same or similar character." This is true, even if the offenses are "distinct," and unrelated. *United States v. Werner*, 620 F.2d 922, 927 (2d Cir. 1980). Rule 8(a) recognizes the adverse effect on the defendant of having evidence of multiple unrelated crimes presented in one proceeding, but "considers this to be outweighed by gains in trial economy when one of the criteria of the rule are met." *Id*. at 929. For this reason, a defendant must show strong or substantial prejudice flowing from the joinder to

166

demonstrate an abuse of discretion by a trial court. *Id.* at 928.

In the matter at hand, the defendant is accused of two unrelated incidents. Both incidents involve surprise attacks, violent assaults using rocks, and the theft of money. The two events are strikingly similar, to the point that it may be persuasively argued that they are of precisely the "same . . . character," satisfying T.C.R.Cr.P. 8(a). In view of these factors, joinder appears proper and in the public interest. The government's motion to CR No. 36-95 and CR No. 39-95 is, therefore, granted.

It is so ordered.